UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LATISHA PORTER, o/b/o K.J., ) | Case No. 5:07 CV 0634 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | Magistrate Judge James S. Gallas |
| ) | |

      Plaintiff Latisha Porter on behalf of her minor son, K.J., seeks judicial review of the Social Security Administration's final decision denying supplemental security income for the child under Title XVI of the Social Security Act. Porter exhausted her administrative remedies with the denial of review of the administrative law judge's decision by the Appeals Council which made that decision the final decision of the Commissioner. See 20 C.F.R. §416.1481. The parties consented to the jurisdiction of the Magistrate Judge for all further proceedings including entry of judgment in accordance with 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure.

      At issue is the May 18, 2006 decision by the ALJ finding the child had impairments of Attention Deficit Hyperactivity Disorder (ADHD), status post post-traumatic brain injury and low average intellectual functioning did not meet or equal a listed impairment and further that the child did not have an "extreme" limitation in any domain of functioning, or a "marked" limitation in two domains of functioning. Consequently child's SSI benefits were denied.

5:07 CV 0634                                                                                   2

The denial of benefits is challenged under the contention that the ALJ erred in failing to properly consider the opinion from plaintiff's treating physicians. Porter points out that in August 2003 the child suffered a severe brain injury following a bicycle accident which caused the child to go into a deep coma (TR. 168, 170). The child was discharged with a diagnosis of traumatic brain injury (TR. 160). Porter contends that the ALJ provided no analysis to the medical evidence in the case but merely recited what plaintiff's treating physician's report provided no objective or rationale for the rejection of finding that plaintiff was not disabled.

The issues before this court must be resolved under the standard whether there is substantial evidence in the record to support the Commissioner's decision. Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantiality is based upon the record taken as a whole. *Barney v. Secretary of Health and Human Services*, 743 F.2d 448 (6th Cir. 1984); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *Casey v. Secretary of Health & Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Secretary*, 893 F.2d 106, 108 (6th Cir. 1989); *Richardson*, 402 U.S. at 401.

> In determining whether the Secretary's factual findings are supported by substantial evidence, we must examine the evidence in the record 'taken as a whole.' *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), and "must take into account whatever in the record fairly detracts from its weight." *Beavers v. Secretary of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464-65, 95 L.Ed. 456 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the

5:07 CV 0634                                            3

>   reviewing court would resolve the issues of fact in dispute differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam).

*Wyatt v. Secretary*, 974 F.2d 680, 683 (6th Cir. 1992); *Born v. Secretary*, 923 F.2d 1168, 1173 (6th Cir. 1990); and see *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (court may "not inquire whether the record could support a decision the other way").

Porter argues that the uncontradicted opinion from a treating physician is entitled to complete deference. See *Shelman v. Heckler*, 821 F.2d 316, 320 (6th Cir. 1987); *Jones v. Secretary of Health & Human Serv.*, 964 F.2d 526 (1992). She also points to the decision in *Wilson v. Commissioner of Soc. Sec.* that reversal is required where the ALJ in rejecting treating physician's opinion failed to give good reasons for not giving weight to that opinion. *Id.* 378 F.3d 541, 544 (6th Cir. 2004). Porter points further to SSR Ruling 96-2p and 96-5p which require the ALJ to articulate specific legitimate reasons supported by substantial evidence in the record that are sufficiently specific to make clear to subsequent review as the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

The issue is whether the Commissioner has followed SSA regulations. The Sixth Circuit has stressed that, "[e]ven if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulation and where the error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Commissioner*

5:07 CV 0634                                                                 4

*of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007); and see *Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 546-57 (6th Cir. 2000).

Porter, however, mistakenly assumes that all physicians are "treating physicians." For a physician to be a "treating physician" there must be a "treating relationship" (20 CFR §416.927(d)(2) and this includes consideration of the length of the treatment relationship and frequency of examination (§416.927(d)(2)(i). Porter speaks about the January 16, 2004 "evaluation" at Akron Children's Hospital, Dr. Sullivan's neuropsychological testing conducted on February 17, 2004, and again two years later on February 20, 2006 (TR. 202, 219). These evaluations do not establish a treatment relationship. In fact Dr. Sullivan's report acknowledges that his relationship with the child was only on a referral basis (TR. 219, 226).

The only report which Porter refers to as being a treating physician is the one from Dr. Holler which Porter claims was the child's treating neurologist. Dr. Holler in this report (TR. 196-97), does speak of a follow-up in four month's time indicating that there was a treatment relationship. In this report Dr. Holler states that the child suffers from ADHD and his symptoms were exacerbated by the traumatic brain injury (TR. 196). The doctor prescribed Concerta and noted it had been used sparingly. Reportedly the child has not been able to do his homework and turn them in and he has not been doing well on tests because he does not always study (*Id.*). The doctor instructed Porter that it is important that the child take his medication every single day to help him with him attentional problem (TR. 197).

5:07 CV 0634                                                                 5

Dr. Holler did not provide any opinion that the child's condition met or equaled the listing impairment. In fact the ALJ did thoroughly discuss her findings among those of Dr. Sullivan and other examinations that have been conducted concerning the child.

It is long established that consultative examiner's reports are not binding. See *Crisp v. Secretary of Health & Human Services*, 790 F.2d 450, 452 (6th Cir. 1986); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). More recently *Smith v. Commissioner of Soc. Sec.* explained that although *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004) required a decision to provide "good reasons" for rejecting the opinion of a treating physician, this requirement did not extend to consultative or nonexamining physicians. *Id.*, 482 F.3d 873, 876 (6th Cir. 2007). As a result, judicial review of the decision's handling of nontreating medical sources is evaluated on the basis of whether the conclusion is supported by substantial evidence. *Smith*, 482 F.3d at 876. Accordingly, the decision's failure to address in full the requirements of 20 C.F.R. §416.927(d) does not apply.[1]

The ALJ found that the child had established that he was not engaged in substantial and gainful activity and that he had severe impairments of attention deficit hyperactivity disorder, status post traumatic brain injury and low average intellectual functioning (TR. 21). However, in order to obtain child SSI benefits there must be proof that the child's impairment or combination of impairments medically equals or meets medically equals or is functionally equivalent to the severity of the listed impairment. See 20 C.F.R. §§416.924(d), 416.926, 20 C.F.R. Pt. 404, Subpt. P,

---

[1] 20 C.F.R. §416.927(d)(2) provides: "We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

App. 1 (the Listing of Impairments). In performing this analysis, the ALJ relied upon the testimony of a medical expert, Dr. Bolter (TR. 16, 283-291). Under the domain system for evaluating whether a child's impairment is functionally equivalent to a listed impairment, Dr. Bolter opined that the child's ability to require and use information would be less than marked, that his ability to relate to others would be marked, manipulating objects was no limitation and clinical well-being was less than marked, and that overall the child did not have marked limitations in at least two of the six domains of functioning (TR. 284-285). Accordingly, the ALJ had substantial evidence on which to deny child's SSI benefits and further the ALJ did not **reject** any opinion of disability.

## CONCLUSION

Based on the arguments presented in the record in this matter, the decision of the Commissioner denying child's supplemental security income was supported by substantial evidence and is affirmed.

s/James S. Gallas
United States Magistrate Judge

Dated: March 31, 2008